IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DON W. DUNBAR<br><br>       Plaintiff,<br><br>v.<br><br>G. LYNN NELSON,<br>*Cache County Utah Sheriff*, et al.,<br><br>       Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:12-cv-00248-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

### I. INTRODUCTION

This civil rights matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Docket No. 5.) Pro se Plaintiff is Don W. Dunbar. Defendants are: (1) Cache County, Utah Sheriff G. Lynn Nelson; (2) James Swink, a prosecutor for the Cache County Attorney's Office; (3) the State of Utah; and (4) James T. Cox, the husband of Plaintiff's ex-wife. The Court refers to Defendants Nelson and Swink as the Cache County Defendants.

This Court considers the following motions: (1) the Cache County Defendants' motion to dismiss Plaintiff's complaint (Dkt. No. 6); (2) the Cache County Defendants' motion to strike Plaintiff's surreply to their motion to dismiss (Dkt. No. 11); (3) Plaintiff's motion to strike the Cache County Defendants' motion to strike (Dkt. No. 12); (4) Plaintiff's motion for service of process (Dkt. No. 15); and (5) Plaintiff's motion for a protective order (Dkt. No. 4).

## II. MOTIONS TO STRIKE

On January 4, 2013, the Cache County Defendants filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12. (Dkt. No. 6.) On January 17, 2013, Plaintiff filed his opposition thereto. (Dkt. No. 7.) On January 28, 2013, the Cache County Defendants filed their reply thereto. (Dkt. No. 8.) On January 31, 2013, Plaintiff filed a surreply to the Cache County Defendants' motion to dismiss. (Dkt. No. 10.)

On February 4, 2013, the Cache County Defendants filed a motion to strike Plaintiff's surreply because he violated DUCivR 7-1(b)(2)(B) when he filed his surreply without the Court's leave. (Dkt. No. 11.) *See* DUCivR 7-1(b)(2)(B) (instructing that, other than a response and reply memorandum, "[n]o additional memoranda will be considered without leave of court."). This Court agrees with the Cache County Defendants' reasoning. Accordingly, the Court **RECOMMENDS** the District Court **GRANT** the Cache County Defendants' motion to strike Plaintiff's surreply. (Dkt. No. 11.)

Plaintiff filed a motion to strike the Cache County Defendants' motion to strike. (Dkt. No. 12.) This Court **RECOMMENDS** the District Court **DENY** Plaintiff's motion. (*Id.*) Neither the federal nor local rules of civil procedure prohibit the Cache County Defendants from filing a motion to strike an inappropriate surreply.

## III. STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

The Cache County Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 6.)[1] Fed. R. Civ. P. 12(b)(6) allows a court to dismiss a complaint for failure

---

[1] The Cache County Defendants simultaneously move to quash the summons and complaint for insufficient process, and insufficient service of process under Fed. R. Civ. P. 12(b)(4)-(5). (Dkt. No. 6.) The Court resolves this motion under Fed. R. Civ. P. 12(b)(6). Therefore, it will not address the insufficient service claims. *See Nicks v. Brewer*, No. 10-CV-1220-JAR-JPO, 2011

to state a claim upon which relief can be granted. When evaluating a 12(b)(6) motion, the court presumes the well-pled facts in the plaintiff's complaint are true, and draws reasonable inferences from those facts in the plaintiff's favor. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, "factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (alteration omitted). To this end, a court should disregard conclusory allegations that lack supporting factual content. *See Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

## IV. CACHE COUNTY DEFENDANTS' MOTION TO DISMISS

At its clearest, Plaintiff's complaint alleges the Cache County Defendants violated: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985; (3) U.S. Const. amend. I, IV, V, VI, VIII, IX, and X;[2] (4) Utah Const. art. 1, 3, 6, and 7; (5) the Uniform Commercial Code; as well as (6) numerous criminal provisions within 18 U.S.C., 26 U.S.C., and the Utah Code. (Dkt. No. 3 at 1, 4-6, 14-16.)[3] For these violations, Plaintiff seeks $4 million in damages. (*Id.* at 17.)

---

WL 42882, at *2 n.22 (D. Kan. Jan. 6, 2011) (unpublished) (addressing only 12(b)(6) grounds, rather than 12(b)(4)-(5) grounds).

[2] Plaintiff specifies the Cache County Defendants committed "crimes violation [sic] of [the] Bill of Rights . . . ." (Dkt. No. 3 at 4.)

[3] Throughout Plaintiff's complaint, he cites numerous other scattered legal provisions, cases, and secondary legal sources he claims Defendants violated. (*See generally* Dkt. No. 3 at 6-20.) For clarity's sake, the Court will not repeat them here. However, the Court emphasizes it has considered all claims Plaintiff listed in his complaint.

The Cache County Defendants move to dismiss Plaintiff's complaint because it "contains no discernible factual allegations or legal basis for relief." (Dkt. No. 6 at 2.) They argue Plaintiff only makes "conclusory allegations" against them without "cit[ing] any particular legal basis for the relief he seeks." (*Id.* at 4.) For the reasons described below, the Court agrees with the Cache County Defendants.

Plaintiff fails to identify any actions that Defendant Nelson directly committed to infringe Plaintiff's rights. Rather, Plaintiff alleges Defendant Nelson "allowed his deputies" to falsely arrest and detain Plaintiff for four days without probable cause, during which time Plaintiff suffered a heart attack. (Dkt. No. 3 at 2-3.) Plaintiff claims the deputies lacked probable cause because they relied on a "14 year old non perfected . . . protective [o]rder [] as an excuse to arrest" Plaintiff even though the protective order "was in contempt of process," and suffered from "gross errors . . . ." (*Id.* at 3.)

Plaintiff claims Defendant Swink, as a prosecutor for the Cache County Attorney's office, unlawfully targeted Plaintiff by requiring him to appear at five court hearings related to his aforementioned arrest. (*Id.* at 4-5.) Plaintiff believes Defendant Swink so targeted him because Plaintiff filed bar complaints against the Cache County Attorney's office. (*Id.* at 5.)

The Court finds these allegations conclusory, and insufficient to show the Cache County Defendants violated any law. Plaintiff fails to coherently explain why the protective order suffered from defects. He offers no factual details about the circumstances surrounding his arrest, other than Defendant Cox instigated the arrest. Similarly, he offers no information about his four day detention, or the circumstances surrounding his alleged heart attack. Plaintiff's belief that Defendant Swink targeted him because he filed bar complaints is purely conclusory.

This Court further agrees with the Cache County Defendants that the "[t]he rest of [Plaintiff's] [c]omplaint consists of rambling, disjointed, and unintelligible claims" insufficient to show any legal violation. (Dkt. No. 6 at 2.) In sum, Plaintiff presents general grievances against the Cache County Defendants, and other federal and state government agencies, including Utah's judicial system, as well as the state bar. He alleges they conspire in a criminal, "empire building" enterprise to unlawfully regulate, tax, fine, and prosecute people. (*See generally* Dkt. No. 3.) While the Court construes pro se Plaintiff's pleadings "liberally," it will not "assume the role of advocate for" him by piecing together potential claims from such sweeping allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the aforementioned reasons, this Court **RECOMMENDS** the District Court **GRANT** the Cache County Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 6.)

## V. UNDER 28 U.S.C. § 1915, COMPLAINT AGAINST REMAINING DEFENDANTS SHOULD BE DISMISSED

Plaintiff proceeds in forma pauperis. (Dkt. No. 2.) 28 U.S.C. § 1915(e)(2)(B)(ii) requires a district court to dismiss a case filed by an in forma pauperis plaintiff if the case fails to state a claim on which relief may be granted. Although neither Defendant State of Utah nor Defendant Cox have entered an appearance in this case, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's complaint against them under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff offers nothing more than conclusory allegations against these latter Defendants.

### A. Conclusory Allegations Against Defendant State of Utah

Plaintiff alleges Defendant State of Utah committed legal violations identical to the Cache County Defendants. (Dkt. No. 3 at 6.) He seeks $12 billion in damages for these violations. (*Id.* at 18.) However, Plaintiff only offers conclusory allegations, void of any concrete facts, to

This Court further agrees with the Cache County Defendants that the "[t]he rest of [Plaintiff's] [c]omplaint consists of rambling, disjointed, and unintelligible claims" insufficient to show any legal violation. (Dkt. No. 6 at 2.) In sum, Plaintiff presents general grievances against the Cache County Defendants, and other federal and state government agencies, including Utah's judicial system, as well as the state bar. He alleges they conspire in a criminal, "empire building" enterprise to unlawfully regulate, tax, fine, and prosecute people. (*See generally* Dkt. No. 3.) While the Court construes pro se Plaintiff's pleadings "liberally," it will not "assume the role of advocate for" him by piecing together potential claims from such sweeping allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the aforementioned reasons, this Court **RECOMMENDS** the District Court **GRANT** the Cache County Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 6.)

## V. UNDER 28 U.S.C. § 1915, COMPLAINT AGAINST REMAINING DEFENDANTS SHOULD BE DISMISSED

Plaintiff proceeds in forma pauperis. (Dkt. No. 2.) 28 U.S.C. § 1915(e)(2)(B)(ii) requires a district court to dismiss a case filed by an in forma pauperis plaintiff if the case fails to state a claim on which relief may be granted. Although neither Defendant State of Utah nor Defendant Cox have entered an appearance in this case, this Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's complaint against them under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff offers nothing more than conclusory allegations against these latter Defendants.

### A. Conclusory Allegations Against Defendant State of Utah

Plaintiff alleges Defendant State of Utah committed legal violations identical to the Cache County Defendants. (Dkt. No. 3 at 6.) He seeks $12 billion in damages for these violations. (*Id.* at 18.) However, Plaintiff only offers conclusory allegations, void of any concrete facts, to

support his claims.  For example, he alleges Defendant State of Utah "allow[s] [] blatant unconstitutional laws to regulate, the people who are not inside the STATE INC. company of jurisdiction . . . where with as officers of the corporation the internal operational procedures of Codes, rules, statutes, legislation, etc. [] would have proper jurisdiction." (*Id.* at 6.)

### B.  Conclusory Allegations Against Defendant Cox

Other than 42 U.S.C. § 1983 (Dkt. No. 3 at 19), Plaintiff fails to link Defendant Cox's actions to any specific legal violations.  (*See id.* at 8-9.)  Plaintiff asks the Court to punish Defendant Cox "with fines and with prison time for his actions." (*Id.* at 18.)  However, Plaintiff's conclusory allegations fail to show that Defendant Cox violated 42 U.S.C. § 1983, much less any other law.  For instance, Plaintiff alleges that Defendant Cox attached unspecified "false information" to Plaintiff's unspecified "records." (*Id.* at 8.)  When Plaintiff sent Defendant Cox a legal notice "to correct his wrongful accountings," Defendant Cox "conspired and fabricated a so called violation of" the aforementioned protective order.  (*Id.*)  Plaintiff provides no details about the protective order violation Defendant Cox fabricated.

### VI.    REMAINING MOTIONS SHOULD BE DEEMED MOOT

This Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint against all Defendants under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).  As such, the Court **RECOMMENDS** the District Court deem **MOOT** the remaining motions in this case: (1) Plaintiff's motion for a protective order (Dkt. No. 4); and (2) Plaintiff's motion for service of process (Dkt. No. 15).

## VII. RECOMMENDATIONS

For the reasons described above, this Court **RECOMMENDS** that the District Court:

**GRANT** the Cache County Defendants' motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 6.)

**GRANT** the Cache County Defendants' motion to strike Plaintiff's surreply to their motion to dismiss. (Dkt. No. 11.)

**DENY** Plaintiff's motion to strike the Cache County Defendants' motion to strike. (Dkt. No. 12.)

**DISMISS** Plaintiff's complaint against Defendant State of Utah and Defendant Cox under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DEEM MOOT** Plaintiff's motion for a protective order. (Dkt. No. 4.)

**DEEM MOOT** Plaintiff's motion for service of process. (Dkt. No. 15.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 15th day of July, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge